UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:24-CV-00002-EBA

JOHNNY BRANHAM,                                                                                    PLAINTIFF,

V.                                                           **ORDER**

MARTIN O'MALLEY,                                                                                 DEFENDANT.
*Commissioner of Social Security*,

\*\*\* \*\*\* \*\*\* \*\*\*

On January 9, 2024, Plaintiff Johnny Branham filed a Complaint seeking judicial review of an administrative decision denying his claim for benefits pursuant to the Social Security Act. [R. 1]. Branham seeks in forma pauperis status pursuant to 28 U.S.C. § 1915(a). [R. 3]. This matter is before the Court on Branham's application to proceed without prepaying fees or costs. [R. 3]. For the reasons set forth below, Branham's application for in forma pauperis status will be DENIED.

A plaintiff may be permitted to proceed in forma pauperis (IFP) by applying for pauper status, which includes submitting a financial affidavit delineating "all assets" a party possesses. 28 U.S.C. § 1915(a). The plain meaning of "all assets," in addition to holdings from several district courts, supports the proposition that the assets to be disclosed, and therefore considered in determining whether to grant IFP, are wide-ranging. *See Diebler v. Comm'r of Soc. Security*, 2012 WL 2891246, at \*1 (E.D. Mich. May 3, 2012) (citing cases from five districts); *see also Mann v. Frank*, 1992 WL 219800, at \*3 (W.D. Mo. Sept. 2, 1992) ("[T]he court may consider whether the party owns any real or personal property . . . ."); *Pisano v. Astrue*, 2012 WL 79188, at \*1 (D. Mass. Jan. 10, 2012). The IFP applicant bears the burden of convincing the court of her indigence,

*Robinson v. Purses*, 1990 WL 186793, at *1 (6th Cir. Nov. 29, 1990), and ruling on the IFP application is a discretionary decision by the Court. *Pisano*, 2012 WL 79188, at *1. Indigence does not require a party to be "absolutely destitute," rather a sufficient showing is made if a party cannot pay the required fees and still provide life's necessities for himself and his dependents. *Adkins*, 335 U.S. at 339 (cited by *Bibbins v. Comcast Cablevision of the South, Inc*, 43 F. App'x 910, 910 (6th Cir. 2002)).

In this case, Branham's affidavit reveals that he is not employed but receives retirement income of $2,211.00 per month. [R. 3 at pg. 2]. This information alone does not necessitate denying Branham's IFP application. Instead, Branham's application is denied because of this income source in addition to the amount of real and personal property he owns. *See Espenshade v. Carbone*, 1987 WL 15514, at *1 (D.D.C. July 29, 1987) (denying IFP application in part because party was co-owner of a home valued at $50,000 and owner of several automobiles worth approximately $900); *Doyle v. Warner Publisher Servs., Inc.,* 1988 WL 67633, at *1 (N.D. Ill. June 22, 1988) (denying IFP application in part because plaintiff had $400 in his checking account and a home valued at $50,000).

Despite having less than $20 in cash, Branham owns a home valued at $100,000, and does not report a mortgage payment for the home. [R. 3 at 3-4]. Further, Branham owns two automobiles, a 2015 Ford Explorer and 1994 Dodge Stealth, that total $8,800 in value, and reports $3,000 in "other assets." [*Id.*]. In total, Branham owns at least $111,800 in assets, $11,800 of which come from assets other than the family home.

In sum, Branham's assets and retirement income prevent the Court from finding that his poverty is preventing him from pursuing a claim or that pursuing a claim and paying for it would prevent him from providing life's necessities for himself and his dependents. Accordingly, and the

Court being sufficiently advised,

**IT IS ORDERED** that Mr. Branham's motion to proceed *in forma pauperis,* [R. 3], is **DENIED** and he shall be required to pay the filing fee within 30 days.

Signed January 12, 2024.



Signed By:
*Edward B. Atkins*
**United States Magistrate Judge**